# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES HELMS, SEAN TINDELL, and COTY DAVID, Plaintiffs ) ) ) ) ) v. ) ) PIONEER ENERGY SERVICES CORP., ) Defendant. ) ) | Civil Case No. 15-928-RCL |

## MEMORANDUM OPINION

Before the Court is defendant's Motion to Compel Arbitration, filed February 10, 2016 [ECF No. 10], plaintiffs' Response, filed March 7, 2016 [ECF No. 14], and defendant's Reply, filed March 21, 2016 [ECF No. 20]. Having considered the motion, response, reply, the exhibits, and the applicable law, the Court grants the Motion to Compel.

### I.    Background

Plaintiffs James Helms, Sean Tindell, and Coty David were employees of Pioneer Energy Services Corporation ("Pioneer") for different periods of time and in different parts of the state. Pl. Orig. Compl. 2 [ECF No. 2]; Def. Orig. Answer 2 [ECF No. 5]. Pioneer provides drilling and production services to oil and gas companies in and out of Texas. Helms and Tindell worked in the Wireline Services Division, while David worked in the Coiled Tubing Services Division. Plaintiffs brought this action under the Fair Labor Standards Act ("FLSA"), seeking a declaratory judgment and damages based on allegations that Pioneer failed to pay or properly calculate overtime compensation for hours worked in excess of a 40-hour week. Pl. Orig. Compl. 1; 29 U.S.C. § 201, *et seq.*

1

Plaintiffs had different jobs, duty stations, and rates of pay. However, they each signed Pioneer's "Open Door Policy for Dispute Resolution" ("the Policy"). Def. Mot. Ex. A.2-4 [ECF No. 10-1]. The Policy includes an arbitration clause, which established "the sole means through which either an employee or Pioneer may resolve any employment-related dispute." Def. Mot. Ex. A.1 [10-1] at p. 1. The Policy covered "all disputes related to or arising out of [plaintiffs'] relationship with Pioneer, including . . . [c]laims regarding wages or other compensation due under the Fair Labor Standards Act . . . including, but not limited to, claims for non-payment or untimely payment of wages and overtime . . . ." *Id.* The Policy also enumerated claims that were not covered, including claims by Pioneer for injunctive relief (such as unfair competition or trade secrets claims). *Id.* at 2. Employees under the Policy agreed that it would be the "exclusive remedy" for employment-related claims, and they waived their right to seek a remedy for those claims in any forum other than the arbitration process created by the Policy. *Id.* Under the Policy, the mandatory arbitration procedures remain in effect "beyond the termination of employment." *Id.*

On February 10, 2016, Pioneer filed a Motion to Compel Arbitration seeking to dismiss the case with prejudice pursuant to the Policy's mandatory arbitration and waiver provisions. Def. Mot. [10] at 7. Plaintiffs' Response argues that the Policy is unenforceable because it is "illusory, invalid, lacks consideration, and is unconscionable." Pls.' Resp. [14] at 1. Specifically, plaintiffs argue that 1) the Policy was illusory because it was unsupported by consideration, 2) the Policy was illusory because it could be amended unilaterally, and 3) the Policy was unconscionable because it would impose greater costs than plaintiffs would incur at litigation.

## II.    Legal Standard

The Federal Arbitration Act ("FAA") required courts to enforce arbitration agreements. 9 U.S.C. § 2. "There is a two-step inquiry to determine whether a party should be compelled to

arbitrate." *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007). A court must first decide whether the parties agreed to arbitrate. *Id.* Then, it must determine if "any federal statute or policy renders the claims nonarbitrable." *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008) (quoting *JP Morgan Chase & Co.*, 492 F.3d at 598). "There is a strong presumption in favor of arbitration and the party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)). The validity of an arbitration provision is a question of state law. *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 431 (5th Cir. 2004).

## III.   Analysis

### 1.   The parties agreed to arbitrate.

In determining whether the parties agreed to arbitrate, the court must ask 1) whether there is a valid agreement, and 2) whether the dispute falls within the scope of that agreement. *JP Morgan Chase & Co.*, 492 F.3d at 598. Here, the parties do not dispute that the FLSA claims are within the scope of the agreement. The Court will limit its analysis to whether the agreement was valid. Plaintiffs argue that the agreement is invalid because it lacks consideration, could be amended unilaterally, and is unconscionable. The Court will take each argument in turn.

### a.   The Policy was supported by adequate consideration.

Plaintiffs correctly note that a mutual agreement to arbitrate claims is sufficient consideration to support an arbitration agreement. *Lizalde v. Vista Quality Mkts.*, 746 F.3d 222, 223 (5th Cir. 2014). Here, plaintiffs argue that the Policy lacked consideration because it is not mutual in that "it explicitly binds only the employees to the promise that they will submit disputes to arbitration."

3

Pl. Resp. at 5. Thus, plaintiffs claim Pioneer was not obligated to arbitrate under the Policy. *Id.* at

4-5. To support this argument, plaintiffs highlight the following language:

> Claims that are **not covered by the Policy** and which must be pursued in their appropriate forums are claims for workers' compensation benefits; unemployment benefits; **claims by Pioneer**, its affiliates or assigns, for injunctive or equitable relief (including but not limited to claims for unfair competition or the use of unauthorized disclosure of trade secrets or confidential information); claims under the National Labor Relations Act; and claims under the Employee Retirement Income Security Act.

Pl. Resp. at 4. But this interpretation fails to view the Policy, or even the quoted section, in its

entirety. The quoted section merely states that "claims by Pioneer, its affiliates or assigned, for

injunctive or equitable relief" are not covered. *Id.* In reading the Policy in its entirety, it states

multiple times that the obligation to arbitrate applies to both Pioneer and its employees:

- "**In exchange for Pioneer's agreement** to resolve employment disputes with you under the terms and conditions of this Policy, and as a condition of continued employment, this Policy will apply to all current and future employees." Def. Mot. Ex. A.1 at p. 1, ¶ 2 (emphasis added).
- "Additionally, although **Pioneer has agreed to resolve any disputes**, including employment disputes, with employees through this Policy, this Policy shall in no way be considered as, or have the effect of, limiting management's prerogative to manage the business . . . ." *Id.* at pp 4-5, ¶ 2 (emphasis added).
- "Finally, where Pioneer has a dispute with an employee, it will begin resolution of its grievance at Step 3 by submitting a completed Request for Arbitration Form to the Director of Human Resources . . . ." *Id.* at 5, ¶ 1.

The Policy here is clearly bilateral, and only a handful of claims are excluded from the arbitration

process, including claims by Pioneer for injunctive relief.

Under Texas law, an employer's reservation of its right to seek injunctive relief does not affect

the mutuality of the promise or the validity of the consideration. *See Lawrence v. Comprehensive*

*Bus. Servs., Co.*, 833 F.2d 1159, 1163 (5th Cir. 1987) (the argument that an arbitration agreement

is not mutually binding based on the reservation of a right to seek injunctive relief "has no merit");

*In re FirstMerit Bank, N.A.*, 52 S.W. 3d 749, 757 (Tex. 2001) (an arbitration allowing a bank to

seek judicial relief was enforceable); *In re Alamo* 23 S.W. 577, 579 (Tex. App.—San Antonio 2000, orig. proceeding) (holding that a reservation of claims for injunctive relief but not others still constitutes a mutual promise to arbitrate). Here, Pioneer's reservation of the right to injunctive relief does not affect its promise to arbitrate other claims. Plaintiffs' argument that the Policy is invalid for lack of consideration has no merit.

### b. Pioneer cannot unilaterally avoid its promise to arbitrate. Thus, the Policy is not illusory.

At the outset, plaintiffs correctly point out that an arbitration agreement is illusory if a party can suddenly change the terms to avoid arbitration. Pl. Resp. at 5. "An arbitration clause is not illusory unless one party can avoid its promise to arbitrate by amending the provision or terminating it altogether." *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010). Plaintiffs point to language that allows for revisions or termination of the Policy:

> As in the case with any set of rules, regulations or policies, it may become necessary to make revisions to this Policy in the future. If Pioneer determines that revisions are necessary, the employee will be provided with a copy of the revised Policy indicating the effective date, and he/she will be asked to sign an Employee Acknowledgement reflecting receipt of the new Policy. Revisions to the Policy shall apply only prospectively; in other words, revisions will apply only to those Claims based upon actions or events that occur following the effective date of the revisions, unless all parties agree otherwise.

> If Pioneer chooses to terminate this Policy, such termination shall terminate the rights of both the employee and Pioneer to arbitrate under this Policy. Pioneer shall provide at least thirty (30) days' notice of any termination of the Policy. Any claim based upon actions or events that occurred or any proceeding under this Policy that was initiated prior to the effective date of the termination of the Policy shall not be affected by such termination, unless all parties agree otherwise.

Pl. Resp. at 6. Plaintiffs claim this language gives Pioneer the power to amend the Policy effective immediately because Pioneer could conceivably try to make retroactive revisions by setting the effective date in the past. *Id.* However, plaintiffs again misread the text. In considering the entire text, it is clear that, while Pioneer may revise the Policy, any revisions "shall only apply

prospectively." *Id.* Pioneer must also provide a copy to employees indicating the effective date, and revisions will only apply to claims based on conduct following the effective date. *Id.* Claims based on conduct preceding a revision are unaffected. Thus, Pioneer cannot amend the terms to avoid arbitration of existing claims.

Further, "retaining termination power does not make an agreement illusory so long as that power 1) extends only to prospective claims, 2) applies equally to both the employer's and employee's claims, and 3) so long as advance notice to the employee is required before termination is effective. *In re Halliburton Co.,* 80 S.W.3d 566, 569–70 (Tex. 2002). The Policy's termination clause falls neatly into the *Halliburton* test: claims based on conduct or proceedings prior to termination are unaffected, a termination terminates the rights of both Pioneer and employees, and Pioneer must give thirty days advance notice before termination. Def. Mot. Ex. A.1 at p. 7. Thus, Pioneer cannot terminate the Policy to avoid arbitration. The Policy is not illusory.

**c.  The arbitrator's ability to award fees does not extend to FAA claims. Thus, the Policy is not unconscionable.**

Unconscionability under Texas law can either be procedural, if it involves circumstances surrounding the adoption of the arbitration provision, or substantive, if it concerns the fairness of the arbitration provision itself. *Carter v. Countrywide Credit Indus., Inc.,* 362 F.3d 294, 301 (5th Cir. 2004) (citing *In re Haliburton Co.,* 80 S.W.3d 566, 571 (Tex. 2002)). Indeed, an arbitration clause may be substantively unconscionable if the existence of large arbitration costs could preclude a litigant from vindicating statutory rights at arbitration. *Id.* (citing *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 90 (2000)). A party seeking to invalidate an arbitration agreement bears the burden of showing the likelihood of incurring such prohibitive costs. *Green Tree,* 531 U.S. at 300.

6

Plaintiffs argue that the Policy is substantively unconscionable "because it results in significantly greater costs than Plaintiffs would incur in litigation" due to a provision that allows arbitrators to award fees. Pl. Resp. at 9. Plaintiffs' point to the Policy's language:

> Employees are permitted to hire an attorney to represent them during arbitration, but each employee must pay his/her own legal fees, although the arbitrator may award the prevailing party (whether Pioneer or the employee) reasonable attorney's fees as part of the final decision.

*Id.* Plaintiffs claim that this fee-shifting provision[1] would allow Pioneer to recover if plaintiffs lose at arbitration in contradiction of the FLSA. *Id.* at 11. Plaintiffs correctly point out that the FLSA generally only allows the recovery of attorney's fees for a prevailing plaintiff, and not a prevailing defendant.[2] The conscionability of fee-shifting provisions that allow recovery of costs at arbitration must be considered on a case-by-case basis.[3] However, the Policy here does not allow Pioneer to recover fees at arbitration in the first place. The Policy defines the powers given to an arbitrator:

> The arbitrator shall have the authority to fashion any award and remedy available **under the law governing the claims involved**. . . . Additionally, the arbitrator shall have the authority to award reasonably attorneys' fees to the prevailing party, whether Pioneer or the employee, **where such an award would be permitted under the law governing the claims involved**.

Def. Mot. Ex. A.1 at p. 6, ¶ 2 (emphasis added).

---

[1] There is a subtle, but important difference between fee-shifting provisions, which allow an arbitrator to award fees to a prevailing party, and fee-splitting provisions, which require the parties to split costs of arbitration regardless of the outcome.

[2] "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 219(b). But prevailing defendants may be awarded attorney's fees under the common law rule if plaintiffs litigate in bad-faith. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998).

[3] In *Carter*, the Fifth Circuit affirmed the district court's decision to sever a *fee-splitting* provision and impose all costs on the defendant, acknowledging the prohibitive costs might preclude the litigants from vindicating rights at arbitration. However, the Court did not reach the question on whether the provision was unconscionable because it was mooted by the employer's representation to the court that it would pay all arbitration costs. Thus, the appellants could not carry their burden of "provid[ing] some individualized evidence that [they] likely will face prohibitive costs in the arbitration at issue and that [they are] financially incapable of meeting those costs." *Carter*, 362 F.3d at 300.

Where an arbitration agreement merely grants an arbitrator the authority to award fees subject to the law governing the claims at issue, the arbitrator has no authority to grant an award at arbitration that would not be recoverable at trial. *See Long v. BDP Intern., Inc.*, 919 F. Supp. 2d 832, 847 (S.D. Tex. 2013) (finding that an arbitrator's ability to award fees afforded by the statutory claim at issue did not allow an employer to collect fees for an arbitrated FLSA claim). Here, the Policy allows the arbitrator to award attorneys' fees and other fees to a prevailing party afforded by the specific claim at issue. Because the FLSA does not allow an award for attorneys' fees if Pioneer prevailed at trial (except in the case of bad-faith), the arbitrator has no authority to award Pioneer attorneys' fees if they prevail at arbitration. *See* 29 U.S.C. § 216(b). Thus, the plaintiffs have not met their burden in establishing that the Policy would impose significantly greater costs than Plaintiffs would incur in litigation. The Policy is not unconscionable.

Because plaintiffs have not carried their burden to invalidate the Policy, this Court finds that the Policy is valid and the parties here agreed to arbitrate.

### 2. No federal policy renders the claims nonarbitrable.

After determining an arbitration agreement is valid, a court must consider whether any federal policy or statute renders those claims nonarbitrable. *JP Morgan Chase & Co.*, 492 F.3d at 598. Here, plaintiffs have not argued that a federal policy or statute renders their FLSA claims nonarbitrable. However, to the extent that plaintiffs could raise that issue, the Fifth Circuit has held that FLSA claims are subject to arbitration. *See Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 298 (5th Cir. 2004). Thus, plaintiffs have not met their burden to show that the FLSA claims are nonarbitrable.

Here, the parties agreed to arbitrate, the FLSA claims fall within the scope of that agreement, and there is no federal statute or policy rendering these claims nonarbitrable. Thus, the agreement is enforceable and the parties should be compelled to arbitrate. *See JP Morgan Chase & Co.*, 492 F.3d at 598; *Sherer*, 548 F.3d at 381.

### 3.   The case will be dismissed.

Pioneer seeks enforcement of the arbitration and dismissal. Def. Reply at 11. A court may stay proceedings if an issue is referable to arbitration under a written arbitration agreement, and may dismiss a case if *all* issues are subject to that arbitration agreement. *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 679 (5th Cir. 1999); 9 U.S.C. § 3. Here, plaintiffs' claims are all based on violations of the FLSA. Pl. Orig. Compl. at 1. The Policy covers "claims regarding wages or other compensation due under the Fair Labor Standards Act." Def. Mot. Ex. A.1 at p. 1, ¶ 3. Thus, all the issues here are subject to the arbitration agreement and this Court will dismiss.

## IV.   Conclusion

For the reasons stated above, this Court finds that the Policy is a valid and enforceable arbitration agreement, and the plaintiffs FLSA claims fall neatly within its scope. Therefore, defendant's Motion to Compel Arbitration will be granted, and plaintiffs' claims here will be dismissed accordingly.

A separate order shall issue.

Royce C. Lamberth
United States District Judge

DATE:   9/29/16